Timothy E. **BEASLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–99–00181–CR.

Court of Appeals of Texas,
San Antonio.

Oct. 6, 1999.

Dick Ryman, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

**OPINION**

Opinion by: PHIL HARDBERGER, Chief Justice.

Appellant, Timothy Beasley ("Beasley"), was convicted of possessing cocaine. In a single issue, Beasley complains that the trial court erred in not granting his motion

to suppress. Beasley asserts that his motion should have been granted because the officers executing the search warrant acted in flagrant disregard of the terms of the search warrant. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Based on a validly issued search and arrest warrant, Officer Michael Morris went to Beasley's apartment to execute the warrant. During the execution of the warrant, approximately 51–52 grams of cocaine were seized, together with various drug paraphernalia. Given the amount of cocaine, the weighing scales and other drug paraphernalia seized, Officer Morris believed Beasley to be a drug trafficker. As a result, Officer Morris contacted Officer Danny Lewis with the asset seizure unit. Officer Lewis seized a variety of assets that he believed to be derived from the trafficking of narcotics.

Beasley filed a pre-trial motion to suppress, alleging that the entry into his apartment was without consent or lawful authority and without a search warrant or probable cause. In addition, the motion asserts that the search warrant relied upon by Officer Morris was invalid because the affidavit supporting the warrant was invalid. At the conclusion of the pre-trial suppression hearing, the trial court capsulized the arguments made by counsel as: (1) reliability of the informant; (2) failure to knock and announce; and (3) arrest of Beasley "on" the premises, rather than "in" the premises. The trial court then announced its findings and denied the motion to suppress.

## DISCUSSION

■ The sole issue asserted by Beasley is that the trial court erred in denying the pre-trial motion to suppress because the officers acted in flagrant disregard of the terms of the search warrant. Beasley contends that because the officers seized numerous items that were not specified in the search warrant, the warrant was exe-cuted in flagrant disregard for its terms, and the valid warrant was transformed into a constitutionally impermissible general warrant. *See U.S. v. Medlin,* 842 F.2d 1194, 1199 (10th Cir.1988). In reviewing a trial court's ruling on a motion to suppress, we afford deference to the trial court's determination of the historical facts, but we decide *de novo* whether the trial court erred in misapplying the law to the facts. *Guzman v. State,* 955 S.W.2d 85, 87–88 (Tex.Crim.App.1997).

■ The State responds to Beasley's complaint by asserting that he failed to preserve the issue he seeks to present for appellate review. We agree. Neither Beasley's motion to suppress nor the argument presented at the pre-trial suppression hearing stated that the flagrant disregard of the terms of the search warrant was a ground for suppressing the evidence. The grounds for a ruling must be stated with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R.APP. P. 33.1(a)(1); *Bell v. State,* 938 S.W.2d 35, 54–55 (Tex.Crim.App.1996). No mention was made of the ground on which Beasley seeks to rely in this appeal until late in the trial proceedings after the cocaine was admitted by stipulation. Since Beasley's issue challenges the trial court's ruling at the pre-trial hearing, where no mention is made of this ground, he has waived his complaint.

■ Assuming, for purposes of argument, that Beasley had preserved for our review the issue of whether the cocaine should have been excluded from evidence based on the seizure of the additional items by the asset seizure unit, we would conclude that the admission of the cocaine as evidence was proper. In *United States v. Medlin,* the primary case relied upon by Beasley to support his argument, the state officers who seized the additional items not specified in the search warrant were participating in the search as an assistant to and under the direction of the federal officers executing the warrant. 842 F.2d at

1199, 1200. In the instant case, the officers, who seized the additional items that were not specified in the warrant, were conducting a separate search and seizure in accordance with the civil forfeiture statutes. *See* TEX.CODE CRIM. PROC. ANN. arts. 59.01–59.11 (Vernon Supp.1999). They were not operating as an assistant to or under the direction of the officers executing the search warrant. While the officers executing the search warrant contacted the asset seizure unit based on the findings of their search, Officer Morris testified that the asset seizure unit makes its own physical seizure, prepares all of its own documents and files the forfeiture case separately from the criminal proceeding.

## CONCLUSION

Beasley waived his complaint with regard to the trial court's denial of his motion to suppress by failing to state the ground he asserts in this appeal with sufficient specificity to make the trial court aware of the complaint. Even if the ground had been stated with sufficient specificity, the seizure by the asset forfeiture unit did not invalidate the execution of the search warrant. The judgment of the trial court is affirmed.