**UNITED STATES of America,
Plaintiff,**

v.

**Michael PORTER, Sr., Defendant.**

**No. 99–40096–01–RDR.**

United States District Court,
D. Kansas.

June 12, 2000.

Ronald E. Wurtz, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for Michael E. Porter, defendant.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This order is issued to make rulings or record rulings on various pretrial motions following a hearing with evidence and argument. The court has previously issued an order denying defendant's motion for discovery relating to selective prosecution.

Defendant is facing a six-count superseding indictment. Count one alleges that defendant distributed crack cocaine on or about April 2, 1999. Count two alleges that defendant distributed crack cocaine on May 17, 1999. Count 3 alleges that defendant distributed crack cocaine on September 22, 1999. Count 4 alleges that defendant distributed crack cocaine on October 21, 1999. Count 5 alleges that defendant possessed crack cocaine on October 21, 1999. Finally, Count 6 alleges that defendant possessed two firearms in furtherance of a drug trafficking crime on October 21, 1999.

*Defendant's motion for a bill of particulars*

This motion is directed at Count 5 which alleges that defendant possessed with intent to distribute more than 5 grams of crack cocaine on October 21, 1999. After discussion during the hearing on this motion, the government stated that the drugs referred to in Count 5 are drugs discovered during a search of 427 S.E. Liberty on October 21, 1999. This information apparently satisfies defendant's request for a bill of particulars. So, the motion shall now be considered moot.

*Defendant's motion for disclosure of expert testimony*

This motion asks for disclosure of summaries of expert testimony pursuant to Rule 16. Defendant is particularly interested in any expert testimony regarding the nature and habits of persons in the "drug business." After the motion was filed, the government appeared to comply with its obligations to disclose. Therefore, the motion shall be considered moot.

*Defendant's motion for enforcement of omnibus agreement*

This motion was withdrawn at the hearing.

*Defendant's motion to exclude recordings from evidence at trial*

This motion is directed at the recordings of telephone calls and the video tapes of alleged drug transactions involving the defendant. Defendant suggests that this may have been done without the consent of the government's confidential informant and, therefore, the requirements of the federal wiretap statute and other statutes must be followed.

A ruling upon this motion shall be deferred until the evidence in question is presented at trial.

*Notice of demand for Rule 404(b) and 807 evidence*

The government has complied with the defendant's demand for notice. Therefore, this matter shall be considered moot.

*Defendant's motion to suppress*

The motion to suppress is directed at evidence collected during the execution of a search warrant at 427 S.E. Liberty, Topeka, Kansas on October 21, 1999. Defendant contends that suppression is justified for the following reasons: 1) the affidavit for the search warrant did not establish probable cause; 2) the affidavit contained material omissions which misled the judge who issued the warrant; and 3) the officers executing the warrant went far beyond the limits of the warrant in searching and seizing property.

▆▆▆▆ *Probable Cause*—When issuing a search warrant, the magistrate judge makes "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). A magistrate's determination of probable cause is given substantial deference. *Id.* at 236, 103 S.Ct. 2317. Even if probable cause is lacking, a search may be upheld if it is determined that the warrant was facially valid and the executing officers acting in good faith had an "objectively reasonable belief in the existence of probable cause." *United States v. Leon,* 468 U.S. 897, 926, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

▆▆▆▆ In this case, the affidavit for the search warrant states that an informant purchased crack cocaine from defendant on April 2, 1999, May 17, 1999 and September 22, 1999. None of these purchases occurred at 427 S.E. Liberty. Instead, they occurred at the locations the informant used to conduct recorded purchases as part of this operation. The affidavit further states that defendant gave his address as 427 S.E. Liberty in September and that officers had seen a car which defendant drove parked in front of the address. The affidavit further states that defendant had prior arrests for possession of cocaine and paraphernalia in 1993, 1995 and 1996. Finally, the experienced narcotics enforcement agent who produced the affidavit stated that it was common for narcotics dealers to conceal within their residences various items which would be evidence of drug crimes.

Defendant argues that this does not establish a nexus between the address and evidence of a drug crime. A somewhat similar issue was raised in *U.S. v. Nolan,* 199 F.3d 1180 (10th Cir.1999). There, the

Tenth Circuit was faced with the question of whether evidence of ten sales to an informant at different locations was sufficient to supply probable cause to search the seller's residence. The Tenth Circuit observed that other courts have held there was probable cause to search a residence in that situation. Nevertheless, the Circuit avoided deciding the issue and upheld the search on a *Leon* good faith basis. See also, *United States v. Rowland,* 145 F.3d 1194, 1207–08 (10th Cir.1998) (good faith exception used to uphold search of residence pursuant to an anticipatory search warrant). We believe the facts recounted in the affidavit provide an objectively reasonable basis for reliance upon the magistrate judge's determination of probable cause.

*Material Omissions* —Defendant further contends that any probable cause is vitiated by the omission of information from the affidavit which indicated that defendant made calls to someone before arriving at the informant's house to do the drug transactions alleged in the indictment. Defendant asserts that this information indicates that defendant did not keep drugs in his residence, but instead used a supply of drugs kept with another person at another location. The court has conducted an evidentiary hearing on this matter.

■ In *Franks v. Delaware,* 438 U.S. 154, 155, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Court held that it is a violation of the Fourth Amendment to "knowingly and intentionally, or with reckless disregard for the truth," include false statements in an affidavit for an arrest warrant. This holding has been extended to material omissions in an affidavit for a search warrant. *U.S. v. Kennedy,* 131 F.3d 1371, 1377 (10th Cir.1997) *cert. denied,* 525 U.S. 863, 119 S.Ct. 151, 142 L.Ed.2d 123 (1998). Accordingly, "a court may look behind a search warrant when the affiant intentionally or recklessly misleads the magistrate judge by making an affirmatively false statement or omits material information

that would alter the magistrate judge's probable cause determination." *Id.*

■ Upon review, we conclude that the issuing judge would not have changed his determination of probable cause even if the excluded information had been presented to him. Obviously, there could be reasons, other than tapping a supply of drugs, for defendant to have called another person before meeting with the informant in this case. He may have wanted support, transportation, protection or information. Moreover, even if the purpose of the call was to access a drug supply, this would not preclude there being evidence of drug transactions at defendant's residence. Such evidence could include records, phone numbers, drug paraphernalia, money or other items. It is also noteworthy that defendant returned to his residence or that area immediately following at least two of the alleged drug transactions and that once, a month prior to the search, the person riding with defendant gave defendant's address as his own.

Defendant has also argued that material information was omitted from the affidavit in another respect. This was information regarding the disposition of the matters upon which defendant was arrested. No convictions for possession of cocaine resulted from these arrests. In 1993, defendant was convicted of possession of paraphernalia. In 1995 and 1996, no charges against defendant were filed. The affidavit for the search warrant only indicates that the disposition of the arrests was unknown.

Upon consideration of the testimony of the officer who made the affidavit, the court is convinced that he did not knowingly or recklessly omit a material fact of which he was aware when he described defendant's prior arrests. Moreover, even if the results of the arrests had been fully described, the court believes a warrant based upon probable cause would still have been issued by the judge who considered the matter.

Accordingly, on the basis of the above-stated findings, the court finds that defendant's probable cause and material omission arguments do not justify suppression of the evidence acquired during the search of defendant's residence.

■ *Search beyond the scope of the warrant*—In addition to evidence arguably connected to drugs, numerous items of electronic equipment, cash and rings were seized during the search. The testimony at the hearing on the instant motion revealed that these items were seized by a State of Kansas Revenue Agent, John Gillen, who was invited by Topeka Police Officers to join them in the execution of the search warrant. He stated that he seized the items to pay for a drug tax assessment which he made after cocaine was found in the house. Apparently, he acted alone in doing so. The assessment was made against a woman named Shannon Selby who lived in the house and who, Gillen believed, owned the items that were seized. Defendant claims this was outside the scope of the warrant and amounted to a general search requiring that all objects of evidence be suppressed.

The government does not deny that the electronic equipment, cash and rings were outside the scope of the warrant. But, according to the government, suppression is not warranted since these items do not belong to defendant, were seized with Selby's consent, and were seized under independent civil legal authority.

The court has serious reservations regarding the seizure performed by Mr. Gillen. His authority to enter the house was based upon the warrant issued by a state court judge. It is not argued that he could have entered the house, barring consent of the occupants, without the authority of the warrant. Yet, nothing in that warrant authorized an on-the-spot civil drug tax assessment and seizure of items of value to satisfy the assessment.

Nevertheless, the court does not believe suppression of the evidence which was collected pursuant to the warrant is justified in this instance. The discussion contained in *U.S. v. Le*, 173 F.3d 1258, 1269–70 (10th Cir.1999) is pertinent here.

"[T]he general rule," where executing officers exceed the scope of a warrant, "is that 'only the improperly seized evidence, not all of the evidence, must be suppressed, unless there was a flagrant disregard for the terms of the warrant.'" [*United States v. Hargus*, 128 F.3d 1358, 1361 (10th Cir.1997), *cert. denied*, 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998)] (quoting *United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 875 (10th Cir.1992)). In the vast majority of cases, "a search is not invalidated merely because some things are seized that are not stated in the warrant." *Id.* "This is particularly true when the non-specified items are not admitted into evidence against the defendant." . . .

"Keeping in mind that the rule that blanket suppression is an extreme remedy, almost wholly absent from the Fourth Amendment jurisprudence of other circuits, we must determine whether the officers executing the state warrant so flagrantly exceeded its scope that blanket suppression is a justifiable remedy."

In this situation, the court will not order blanket suppression. The items outside the warrant apparently do not belong to defendant; at least there was no evidence of ownership presented to the court. The items were seized pursuant to some legal authority. Furthermore, the officers aside from Agent Gillen confined their search and seizure to the scope of the warrant. Therefore, we do not find a flagrant disregard for the scope of the warrant that might justify blanket suppression. See *United States v. Young*, 877 F.2d 1099, 1105–06 (1st Cir.1989) (Breyer, J.) (search by IRS agent for tax records beyond scope of warrant issued for drug evidence does not justify blanket suppression); *United States v. Sissler*, 966 F.2d 1455, 1992 WL

126974 (6th Cir.1992) (table) (seizures by IRS and local forfeiture unit participating in the execution of a search warrant, while outside scope of warrant, did not violate the rights of a guest who did not own the seized items—suppression denied); *Beasley v. State,* 5 S.W.3d 812 (Tex.App.1999) (seizure by asset seizure unit of items not within scope of the warrant was independent of criminal search and did not justify suppression of cocaine).

The motion to suppress shall be denied. However, the court would consider suppression of any items seized which were outside the scope of the warrant should the government attempt to introduce those items as evidence.

**IT IS SO ORDERED.**