

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00270-CR

ROBERT MOORE, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2011-433,247, Honorable John J. "Trey" McClendon, Presiding

April 24, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Robert Moore, Jr. was convicted of possession of marijuana in an amount greater than five pounds but less than fifty pounds in a drug-free zone. He was sentenced to fifteen years confinement and a fine of $15,000. Appellant now challenges that conviction by contending that 1) the search warrant used to search his residence was supported by an affidavit containing vague and conclusory statements and 2) the trial court erred in admitting evidence of an extraneous offense. We affirm the judgment.

*Search Warrant*

In his first issue, appellant argues that the search warrant 1) was based on stale information, 2) was unreliable because the confidential informant, upon whose information the warrant was based, had provided information on only two prior occasions, and 3) called for a no-knock entry which was not justified. However, appellant did not file a motion to suppress the evidence found as a result of the warrant, and he stated he had no objection at the time the warrant and marijuana were admitted into evidence by the State.

To preserve error, a complaint must be made to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. 2002) (stating that to preserve error for appellate review, the complaining party must make a specific objection and obtain a ruling on it). Because 1) the record does not illustrate that appellant either objected to the search warrant or otherwise moved to suppress the fruits of the search and 2) appellant stated he had no objection at the time of admission of the marijuana, appellant waived any error. *Rogers v. State*, 291 S.W.3d 148, 150-51 (Tex. App.—Texarkana 2009, pet. ref'd) (holding that the failure to object to a search warrant waived error); *Beasley v. State*, 5 S.W.3d 812, 813 (Tex. App.—San Antonio 1999, pet. ref'd) (holding that the failure to argue that the terms of a search warrant were disregarded in a motion to suppress or at the suppression hearing waived any error).

*Extraneous Offense*

In his second issue, appellant argues that the trial court erred in admitting evidence that cocaine was also found in appellant's residence at the time of the search. Appellant objected to the evidence when first proffered, which objection was overruled. However, he did not seek a running objection. Thereafter, evidence of the cocaine was admitted without objection on several other occasions including in testimony from a Department of Public Safety agent who executed the search warrant, a statement made by appellant to police, and testimony from a chemist regarding substances found at the residence. The cocaine itself also was admitted after appellant stated he had no objection.

Appellant was required to either obtain a running objection or object each time the evidence was admitted in order to preserve error. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Additionally, error regarding the admission of evidence is cured when the same evidence comes in elsewhere without objection. *Id.* at 509-10; *Walker v. State*, No. 07-10-00299-CR, 2011 Tex. App. LEXIS 8381, at *12 (Tex. App.— Amarillo October 20, 2011, pet. ref'd). Given the absence of a running objection and the admission of the same evidence elsewhere without objection, the purported error in question here was cured or otherwise rendered harmless.

We overrule the issues and affirm the judgment.

Per Curiam

Do not publish.