

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00133-CR
_____

CHARLES ANISON ROGERS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th Judicial District Court
Franklin County, Texas
Trial Court No. F7887

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Charles Anison Rogers, Jr., appeals his conviction by a jury for possession of a controlled substance with intent to deliver, enhanced by a prior felony conviction. While investigating narcotics trafficking in Franklin County, Texas, law enforcement officers placed Rogers' motel room under surveillance. The officers observed a vehicle being operated by James Wayne Fountain leaving Rogers' motel room. During a consent search of Fountain's vehicle, the officers discovered crack cocaine. Fountain informed police officers he had purchased the cocaine from Rogers. Based on this "confidential informant's" statement, the law enforcement officers obtained a search warrant for Rogers' motel room. The officers executed the search warrant while Rogers and his girlfriend were present in the motel room. Rogers had crack cocaine on his person, and his girlfriend was in possession of powder cocaine and marihuana. A large sum of cash and a .380-caliber pistol were found in the room. A jury found Rogers guilty of possession of a controlled substance with intent to deliver, found Rogers exhibited a deadly weapon during the commission of the offense, found the enhancement allegation to be true, and assessed punishment at sixty years' imprisonment. The Texas Court of Criminal Appeals has authorized an out-of-time appeal. On appeal, Rogers argues: 1) the "affidavit did not properly describe the person relaying the information;" 2) the trial court erred in denying his motion to suppress because the search warrant failed to specifically describe the location to be searched; and 3) "the search warrant in this case was not properly executed." We affirm the judgment of the trial court.

2

## I. Rogers' First and Third Points of Error Are Not Preserved

In his first point of error, Rogers complains about the warrant characterizing Fountain as a confidential informant. Rogers argues, in his third point of error, that the search warrant failed to specifically identify Rogers' girlfriend and was, therefore, not properly executed. Rogers has failed to direct this Court to where in the record these arguments were presented to the trial court. To preserve error for appellate review: (1) the complaining party must make a timely objection specifying the grounds for the objection, if the grounds are not apparent from the context; (2) the objection must be made at the earliest possible opportunity; and (3) the complaining party must obtain an adverse ruling from the trial court. *See* TEX. R. APP. P. 33.1(a)(1); *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002). Further, an objection based on one legal theory may not be used to support a different legal theory on appeal. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Rogers' first and third points of error are not preserved for our review.

## II. The Trial Court Did Not Err in Permitting the Police Officer to Supplement the Description in the Warrant

Rogers' remaining complaint—contained in his second point of error—is that the warrant fails to adequately describe the specific motel room to be searched. The description of the location of the motel has not been challenged on appeal. The issue in this case is whether the warrant adequately described the particular motel room to be searched.

We review the trial court's decision on a motion to suppress evidence by applying a bifurcated standard of review deferring to the trial court's determination of historical facts that depend on credibility, but reviewing de novo the trial court's application of the law. *Burke v. State*, 27 S.W.3d 651, 654 (Tex. App.—Waco 2000, pet. ref'd). We afford almost total deference to a trial court's determination of the historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We are also to afford such deference to a trial court's ruling on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those questions turns on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We review de novo those questions not turning on credibility and demeanor. *Id.*

The issuing magistrate's decision to grant the search warrant should be reviewed with a deferential standard of review. *Davis v. State*, 202 S.W.3d 149 (Tex. Crim. App. 2006); *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). Great deference should be paid to a magistrate's determination of probable cause, and warrants should not thereafter be invalidated through "hypertechnical" interpretation of their supporting affidavits. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). Granting great deference to the issuing magistrate's determination, we will sustain the issuance of the warrant if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Id.*; *see Swearingen*, 143 S.W.3d at 811.

Subject to a few limited exceptions not present in this case, "a search warrant must specify which unit of a multi-unit complex is subject to the search." *Amir v. State*, 45 S.W.3d 88, 95 (Tex. Crim. App. 2001). "[W]here the warrant describes a multi-unit dwelling, the description must contain sufficient guidance to apprise the officers of the particular unit to be searched." *Tyra v. State*, 496 S.W.2d 75, 76 (Tex. Crim. App. 1973). The search warrant affidavit in this case described the motel room as follows: "The room is on the bottom floor of the east side of the main motel building. The room has a white door with blue trim. There are two windows on the left hand side of the door. There is no visible number to the room." A description can be adequate without a room number for the particular unit to be searched. *See Williams v. State*, 928 S.W.2d 752, 754 (Tex. App.—Houston [14th Dist.] 1996), *aff'd*, 965 S.W.2d 506 (Tex. Crim. App. 1998). The warrant, though, must describe sufficient distinguishing characteristics to distinguish the particular unit to be searched from the other units in the multi-unit dwelling. While the description contains some details, the details described could apply to every room in the motel. The description does not specify whether other rooms have a white door with blue trim, whether other rooms have two windows on the left-hand side of the door, or whether other rooms have a visible number to the room. The description in this case fails to specify where the room to be searched was located in relation to the other motel rooms other than being on the east side of the motel building. Based on the four corners of the search warrant affidavit alone, there is a substantial danger of misidentification. Thus, the question which we must decide in this appeal is whether our review is

5

limited to the four corners of the affidavit or whether we can consider facts known to the police officer not contained in the affidavit.

When reviewing whether the issuing magistrate had a substantial basis for concluding that probable cause existed, our determination of the sufficiency of an arrest or search warrant is limited to the four corners of the affidavit. *Gates*, 462 U.S. at 238; *Oubre v. State*, 542 S.W.2d 875, 877 (Tex. Crim. App. 1976); *see Massey v. State*, 933 S.W.2d 141, 148 (Tex. Crim. App. 1996); *Burke*, 27 S.W.3d at 654. The probable cause affidavit cannot normally be supplemented with additional information not contained in the affidavit. *Elardo v. State*, 163 S.W.3d 760, 771 (Tex. App.—Texarkana 2005, pet. ref'd); *see Lowery v. State*, 98 S.W.3d 398, 400 (Tex. App.—Amarillo 2003, no pet.); *Flores v. State*, 888 S.W.2d 193, 197 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Several Texas courts have limited their review of the location to be searched to the four corners of the warrant or affidavit. These cases hold "[t]he warrant must be sufficient on its face to enable any executing officer to locate and distinguish the property, avoiding a reasonable probability of mistaken execution. The validity of the warrant cannot depend upon the individualized, supplementary knowledge of one officer." *Olivas v. State*, 631 S.W.2d 553, 556 (Tex. App.—El Paso 1982, no pet.); *see Mason v. State*, 838 S.W.2d 657, 660 (Tex. App.—Corpus Christi 1992, pet. ref'd); *see also Miller v. State*, 134 Tex. Crim. 118, 114 S.W.2d 244, 246 (1938); *Williams*, 928 S.W.2d at 754.

Several Texas courts of appeals, though, have held that a very limited exception does exist for the description of the location to be searched. *See Taylor v. State*, 974 S.W.2d 851, 857 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *Smith v. State*, 962 S.W.2d 178, 182 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). These cases conclude that when the same police officer conducts the investigation, swears to the affidavit for the warrant, and executes the search warrant, that officer's knowledge of the exact premises may cure description deficiencies in the warrant or affidavit. The First District reasoned as follows:

> Our law concerning search warrants has two goals: to ensure that there is adequate probable cause to search and to prevent the mistaken execution of the warrant against an innocent third party. This second goal is met when the warrant identifies the place to be searched sufficiently so that the officers who execute the warrant, acting as reasonable men, can locate that place and identify it from other places in the community. This goal is not furthered by rigid application of rules requiring a warrant to contain certain descriptive elements such as the name of the city.

*Smith*, 962 S.W.2d at 182. In essence, the First District concluded we should not ignore the reality that a search is rarely conducted by an officer without some knowledge of the prior investigation and, therefore, we should adopt a more pragmatic and common-sense approach permitting some deficiencies to be cured by an officer's more extensive knowledge of the premises. Although we emphasize that an officer's knowledge of the premises cannot be used to entirely replace the description in the warrant and emphasize that the better practice is for the description in the warrant and affidavit to be sufficiently descriptive, we adopt the reasoning of the First District and conclude

7

the executing officer's knowledge of the premises to be searched is relevant to the validity of the search warrant.[1]

Further, this Court has held that "the warrant must identify the place to be searched sufficiently so that the officers who execute the warrant, acting as reasonable men, can locate that place and identify it from other places in the community." *Bass v. State*, No. 06-01-00054-CR, 2002 Tex. App. LEXIS 7250, at *12 (Tex. App.—Texarkana Apr. 11, 2002, pet. ref'd) (mem. op., not designated for publication) (citing *Smith*, 962 S.W.2d at 184). In *Bass*, the search was approved based on an informant's description, but the street address was incorrect. We approved the consideration of the executing officer's familiarity with the location of the house; the description of the property was otherwise accurate.

At trial, Sergeant Chris Miller, an investigator with the Franklin County Sheriff's Office, testified concerning the description of the motel room. During the suppression hearing, Miller testified he had been familiar with the motel for "[a]t least 14 to 16 years, on and off." Miller admitted that there were "numerous rooms in the main building" and that he did not know whether the other motel doors were white with blue trim or whether the other doors had two windows on the left side of the door. At trial,[2] Miller testified they had placed the room under surveillance before

---

[1]We emphasize this knowledge is being considered only on the issue of the description of the premises, not as to the probable cause to believe a crime had been committed.

[2]The Texas Court of Criminal Appeals has held "[w]here the State raises the issue at trial either without objection or with subsequent participation in the inquiry by the defense, the defendant has made an election to re-open the evidence, and consideration of the relevant trial testimony is

the search and had seen Fountain enter the room under surveillance and later exit the room. Miller's testimony at trial indicates he could identify the target location of the search.

In *Smith*, the court emphasized the fact that the officer who had conducted the investigation and signed the affidavit for this search warrant "had the house pointed out to him by a confidential informant, and he watched the informant enter and leave that house. [The officer] was present to execute the warrant and searched one house only, which was the house intended and targeted for the search." 962 S.W.2d at 185. Similarly in this case, there is evidence that Miller had the room under surveillance, had seen the confidential informant enter and leave that room, signed the affidavit in support of the search warrant, and was present to execute the search. Based on the affidavit and the evidence adduced, we conclude the description of the location to be searched was sufficient. The trial court did not err in denying the motion to suppress.

For the reasons stated, we affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:    June 11, 2009
Date Decided:     June 26, 2009

Publish

---

appropriate in our review." *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996) (citing *Hardesty v. State*, 667 S.W.2d 130, 133 n.6 (Tex. Crim. App. 1984)).