In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00137-CR

                                                ______________________________

 

 

                                 TYLER WILLIAM DEXTER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                            On Appeal from the County Court At Law 

                                                             Fannin County, Texas

                                                            Trial
Court No. 45201

 

                                                                  
                                

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Tyler
William Dexter was driving a truck—the suspension of which made the truck
unusually tall and the headlights unusually far off the ground—when Officer
George Robinson saw him turning the vehicle around on a dead-end road and
decided to stop him for having headlights that were too far off the
ground.  See Tex. Transp. Code Ann.
§ 547.321 (West 2011) (headlights “shall be mounted at a height from 24 to 54
inches”).  After getting Dexter to get
down out of the truck cab so the two could converse, Robinson noticed a “strong
odor of an alcoholic beverage” coming from Dexter’s person.  Dexter failed the field sobriety tests,[1]
was arrested for driving while intoxicated (DWI), and determined to have a
blood-alcohol concentration of .16.  A
Fannin County jury convicted Dexter of DWI.[2]


            On appeal,
Dexter argues that the trial court should have suppressed the evidence because
the stop was improper and should have ruled that the State improperly commented
on Dexter’s failure to testify.  We
affirm the judgment of the trial court because (1) Robinson had reasonable
suspicion to detain Dexter and (2) nothing was preserved regarding any comment
on Dexter’s failure to testify.

(1)        Robinson Had Reasonable Suspicion to
Detain Dexter

 

            When he noticed Dexter’s
vehicle, Robinson determined that he “was going to stop the vehicle for the
headlight violation” because the truck “s[at] very high off the ground.”  Section 547.321 of the Texas Transportation
Code mandates that every vehicle be equipped with at least two headlamps which
“shall be mounted at a height from 24 to 54 inches.”  Tex.
Transp. Code Ann. § 547.321(c).  Because
of the truck’s unusual height, Robinson “had to have [Dexter] get down out of
the vehicle” so that he “could talk to him.” 
From this initial stop, all the evidence of Dexter’s DWI was learned.

            Dexter argues that no reasonable
suspicion justified his detention.  

            We review a
trial court’s decision on a motion to suppress evidence by applying a
bifurcated standard of review.  Graves v. State, 307 S.W.3d 483, 489
(Tex. App.—Texarkana 2010, pet. ref’d); Rogers
v. State, 291 S.W.3d 148, 151 (Tex. App.—Texarkana 2009, pet. ref’d).  While we defer to the trial court on its
determination of historical facts and credibility, we review de novo its
application of the law and determination on questions not turning on
credibility.  Carmouche v. State,
10 S.W.3d 323, 332 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997); Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Graves, 307 S.W.3d at 489.             We
also afford deference to a trial court’s “application of law to fact questions,”
if the resolution of those questions turns on an evaluation of credibility and
demeanor.  Guzman, 985 S.W.2d at 89.

            Because
a routine traffic stop implicates the United States and Texas Constitutions,
the traffic stop must be reasonable.  Berkemer v. McCarty, 468 U.S. 420, 436–37
(1984); Francis v. State, 922 S.W.2d
176, 178 (Tex. Crim. App. 1996); see U.S. Const. amend. IV; Tex.
Const. art. I, § 9.  Law
enforcement officers may stop and briefly detain persons suspected of criminal
activity on less information than is constitutionally required for probable
cause to arrest.  Terry v. Ohio, 392 U.S. 1, 22 (1968).  To initiate an investigative stop, the
officer must possess a reasonable suspicion based on specific, articulable
facts that, in light of the officer’s experience and general knowledge, would
lead the officer to reasonably conclude the person detained actually is, has
been, or soon will be engaged in criminal activity.  United
States v. Sokolow, 490 U.S. 1, 10 (1989); Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  These facts must be more than a mere hunch or
suspicion.  Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997).

            “If an
officer has a reasonable basis for suspecting that a person has committed a
traffic offense, the officer may legally initiate a traffic stop.”  Zervos
v. State, 15 S.W.3d 146, 151 (Tex. App.—Texarkana 2000, pet. ref’d); Graves, 307 S.W.3d at 489.  The videotape of Dexter’s arrest confirms
Robinson’s statement that Dexter’s truck “s[at] very high off the ground,”
requiring Robinson to ask Dexter to step down from the driver’s seat in order
to engage in conversation.  Robinson
stopped “the vehicle for [a] headlight violation,” a traffic offense under
Section 547.321 of the Texas Transportation Code.  We conclude that Robinson had a reasonable
basis for suspecting that Dexter had committed a traffic offense.

            We overrule
this point of error.

(2)        Nothing Was Preserved Regarding any
Comment on Dexter’s Failure to Testify

 

            Dexter also argues that the
trial court “erred in overruling the objection of improper argument by the
prosecutor as the prosecutor commented on the failure of Appellant to
testify.”  In presenting this point, he
refers to the following portion of the jury argument:

            So, what it all boils down to is
while intoxicated.  Was the defendant,
Tyler Dexter, intoxicated?  Yes, he was.
And how do we know this?  We can go
through all of the individual little things that Trooper Barker identified, that
Deputy Robinson even observed for the little bit of time that he talked to Mr.
Dexter, all of the things that we can see on the video.[3]
 What are those?  Well, first the glassy, bloodshot eyes.  Heard both officers talk about that.  The constant movement of hands that Trooper
Barker talked about.  Mr. Dexter admitted
to the fact that he was drinking.  We
also know that he lied about how much he had to drink.  Said that he had two light beers around 5:00
p.m.

 

            [Defense
Counsel]:     Your Honor, we’ll object to
the comment on the credibility of the witness.

 

            [State’s
Attorney]:      Your Honor, it’s a comment
on the weight evidence.

 

            THE
COURT:             I’ll overrule the
objection.

 

            [State’s Attorney]:      How do we know that?  We heard the analyst from the crime lab say
that two light beers eight hours before the blood draw, that wouldn’t leave in
the blood the result that he came up with.  We know that’s not true.  Can’t remember what kind of beer he drinks at
home.  I know what kind of beer I drink
at home - -

 

            [Defense Counsel]:     Your Honor, I’m going to object to personally
testifying and improper argument.

 

            THE
COURT:  I’m going to overrule the
objection.

 

            Dexter
complains that, because only he “could have provided testimony as to why he was
unable to identify the brand of beer he had drank earlier in the day and only
[he] could testify as to the number of beers he had drank,” the State’s
argument was a comment on his failure to testify.[4]  

As
a prerequisite to presenting a complaint for appellate review, the record must
show that:  (1) the complaint was made to
the trial court by a timely request, objection, or motion that:  (A) stated the grounds for the ruling that
the complaining party sought from the trial court with sufficient specificity
to make the trial court aware of the complaint, unless the specific grounds
were apparent from the context.

 

Tex. R. App. P. 33.1(a)(1)(A);
see Cockrell v. State, 933 S.W.2d 73,
89 (Tex. Crim. App. 1996).  Points of
error on appeal must correspond or comport with objections and arguments made
at trial.  Wright v. State, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005,
pet. ref’d) (citing Dixon v. State, 2
S.W.3d 263, 273 (Tex. Crim. App. 1998)). 
“Where a trial objection does not comport with the issue raised on
appeal, the appellant has preserved nothing for review.”  Id.;
see Tex.
R. App. P. 33.1; Ibarra v. State,
11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

            An objection
that a prosecutor made an “improper argument” does not preserve the issue of
whether the prosecutor commented on the defendant’s failure to testify.  Wead v.
State, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004).  Dexter’s counsel did not object at trial on
the grounds that the prosecutor’s statements constituted a comment on his
failure to testify; instead, counsel objected only that the prosecutor’s
statements constituted “a comment on the credibility of the witness” and “improper
argument.”[5]
 The ground Dexter raises on appeal was
not apparent from the context of the prosecutor’s argument or the objections
raised at trial.  Because Dexter did not
raise the issue that the prosecutor’s argument may have constituted a comment
on his failure to testify in a manner sufficient to make the trial court aware
of the complaint, we find that Dexter has failed to preserve the issue.  Id.
(court of appeals erred in considering argument that prosecutor’s comment
constituted comment on appellant’s failure to testify because appellant “made
no such argument in the trial court.”).

            This point of error is overruled.

 

            We affirm the
trial court’s judgment. 

 

                                                                        

                                                                                    Josh
R. Morriss, III

                                                                                    Chief Justice

 

Date Submitted:          December
27, 2011

Date Decided:             January
11, 2012

 

Do Not Publish











[1]Trooper
Carmen Barker arrived at the scene to administer field sobriety tests.  She testified that Dexter exhibited “[s]ix
out of six” clues of intoxication during the horizontal-gaze nystagmus test, “[f]our
out of eight” clues during the walk-and-turn test, and “[o]ne out of four”
clues during the one-legged stand test.  

 





[2]Dexter’s
sentence of six months’ confinement in the county jail was suspended.  He was placed on twelve months’ community
supervision and was ordered to pay a $1,000.00 fine. 





[3]The
videotape of Dexter’s arrest was admitted into evidence for the jury’s
review.  Dexter told Barker that he had
ingested two light beers at approximately 5:00 p.m.  

 





[4]A
prosecutor’s comment amounts to a comment on a defendant’s failure to testify
only if the prosecutor manifestly intends the comment to be, or the comment is
of such character that a typical jury would naturally and necessarily take it
to be, a comment on the defendant’s failure to testify.  Bustamante
v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001).  It is not sufficient that the comment might be
construed as an implied or indirect allusion to the defendant’s failure to
testify.  Id.





[5]Prosecutorial
jury argument is permissible if it falls within one of the following
categories:  (1) summation of the
evidence; (2) reasonable deduction drawn from the evidence; (3) answer to
argument of opposing counsel; and (4) a plea for law enforcement.  Cannady
v. State, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000); Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).  Lawyers are permitted to express reasonable
deductions so long as they are based on the evidence in the record and do not
constitute unsworn testimony.  Penry v. State, 903 S.W.2d 715, 756
(Tex. Crim. App. 1995) (per curiam); Bui
v. State, 964 S.W.2d 335, 345 (Tex. App.—Texarkana 1998, pet. ref’d).