

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00079-CR

_____

ELEAZAR PEREZ  RAMIREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Franklin County, Texas
Trial Court No. F8627

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Eleazer Perez Ramirez was sentenced to ten years' imprisonment following conviction by a jury of sexual assault of a child. Ramirez appeals his conviction on the sole question of "[w]hether the Court should reverse and remand due to testimony based on hearsay." We affirm the trial court's judgment because we find that Ramirez failed to preserve this issue for our review.

Ramirez was indicted for intentionally or knowingly causing the penetration of the sexual organ of S.P., a child. After requesting three extensions for filing the brief, Ramirez complains only that Joanna Christian, a licensed professional counselor, "made several statements that are hearsay and do not fit into any hearsay exception."

An elementary principle is that, "[a]s a prerequisite to presenting a complaint for appellate review," a party must have made a timely request, objection, or motion to the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *see Rogers v State*, 291 S.W.3d 148, 151 (Tex. App.—Texarkana 2009, pet. ref'd). "[A]ll existing authority holds the admission of hearsay must be preserved with a timely and specific objection to the evidence." *Moore v. State*, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996) (en banc); *see Rodriguez v. State*, 975 S.W.2d 667, 673 (Tex. App.—Texarkana 1998, pet. ref'd).

The brief references volume three of the court reporter's record, pages 139–53. Our review of the record confirms that no hearsay objection was lodged at trial to Christian's

2

testimony.  Accordingly, Ramirez has failed to preserve his sole point of error for our review.  It is overruled.

We affirm the trial court's judgment.


                                                    Jack Carter
                                                    Justice


Date Submitted:        January 11, 2013
Date Decided:          January 17, 2013

Do Not Publish