

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00095-CR

JAMES ARTHUR BAXLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 1424312

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

In Hopkins County, Texas, James Arthur Baxley was indicted for possession of less than one gram of methamphetamine. The trial court denied Baxley's motion to suppress the drugs found on his person. A jury found Baxley guilty as charged, and the trial court sentenced him to two years' confinement.

On appeal, Baxley contends that the trial court erred by denying his motion to suppress.

We overrule Baxley's point of error.

### I.      Factual and Procedural Background

Sergeant Mark Estes of the Sulphur Springs Police Department was assigned to the Special Crimes Unit, where he indicated that "99 percent" of his job duties were related to drug offenses. Estes testified that while in the police squad room on September 23, 2014, he happened to see Baxley's name on a list of people for whom arrest warrants had been issued. On cross-examination, Estes explained that "[s]ome of the patrol guys actually get the city warrant list from the municipal court on a random basis, and it was on the briefing table in the squad room." The typewritten list noted that there were two warrants for Baxley's arrest, both of which related to traffic offenses. The first of those was for operating a vehicle with an expired operator's license, and the second was for a failure to control speed. These warrants were issued by a municipal judge based on actions arising from the traffic citations.[1] Estes knew of Baxley from previous encounters with him.

---

[1]At the time he testified, Estes was unaware of whether the arrest warrants were based on the action underlying the citations or whether they were for Baxley's failure to appear at court to respond to those citations.

2

Based on the warrants he observed on the list, Estes and another officer drove in an unmarked car[2] to what Estes believed was Baxley's last known address. Even though the warrants listed Baxley's address as something different, Estes drove to the place he believed to be Baxley's actual residence. Although Estes did not bring a copy of the warrants with him to Baxley's house, Estes confirmed through his dispatcher that the warrants remained valid.

Upon his arrival, Estes saw Baxley in the front yard "working on a car." Baxley was on his knees as he appeared to be working in the driver's side floor-board area of the car. Estes approached Baxley, informed him of the arrest warrants, and asked him to stand up because "he was going to have to go with [them]." Estes testified that as Baxley stood, he "kept reaching for his wallet," which was "in his back right pants" pocket. Estes placed Baxley in handcuffs, took the wallet from Baxley's pocket, and discovered a clear baggie in it which later was determined to contain methamphetamine.

At trial, Baxley moved to suppress the drugs found during the arrest, arguing that the "warrants were actually not warrants," but were instead capiases or capiases pro fine and that as such, "the warrants were not valid at the time." Taking this an additional step, Baxley stated that the drugs found during the arrest should be suppressed because Estes lacked a valid reason to arrest Baxley.[3] Although the trial court agreed with Baxley that the warrants "may very well be more appropriately referenced as . . . capias[es] pro fine" rather than as arrest warrants, the court held that "the bottom line is, did the officer have a good-faith basis for making the arrest based on the

---

[2]The car lacked emergency lights, a siren, a field kit for testing suspected illegal drugs, and the capability to make audio or visual recordings.

[3]Estes was the only witness to testify during the suppression hearing.

3

outstanding warrant[s]? The Court will find that he certainly was legally authorized to do so, and the defendant's motion to suppress the arrest is denied." At trial, the jury found Baxley guilty as charged and assessed a punishment of two years' imprisonment. Baxley filed this appeal.

## II.     Standard of Review

We review the trial court's decision to deny Baxley's motion to suppress evidence by applying a bifurcated standard of review. *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd); *Rogers v. State*, 291 S.W.3d 148, 151 (Tex. App.—Texarkana 2009, pet. ref'd).

Because the trial court is the exclusive trier of fact and, as such, is the judge of witness credibility at a suppression hearing, we afford almost total deference to its determination of facts if they are supported by the record. *State v. Ross*, 32 S.W.3d 853, 856–57 (Tex. Crim. App. 2000); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We also afford such deference to a trial court's ruling on application of law to fact questions (also known as mixed questions of law and fact) if the resolution of those questions turns on an evaluation of credibility and demeanor. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

We defer to the trial court's determination of historical facts and credibility, but we review de novo its application of the law and factual determinations of questions not turning on credibility. *Carmouche*, 10 S.W.3d at 332; *Guzman*, 955 S.W.2d at 89; *Graves*, 307 S.W.3d at 489. Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold the denial of Baxley's motion to suppress if it was supported by the record and was correct under

any theory of law applicable to the case. *See Carmouche*, 10 S.W.3d at 328; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). "In determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing, because the ruling was based on that evidence, rather than evidence introduced later at trial." *Herrara v. State*, 80 S.W.3d 283, 286 (Tex. App.—Texarkana 2002, pet. ref'd).

## III. Analysis

### A. Baxley Failed to Preserve this Issue for our Review

In his sole point of error, Baxley contends that the trial court should have suppressed the drugs found on him during the search because "[t]he trial court erred in crediting the testimony of Sergeant Mark Estes." When Baxley complains of the action of the trial court in "crediting" the testimony of a witness, it is assumed that he means that the trial court erred in giving credence to Estes' testimony.

The point of error raised on appeal must correspond with the objection raised before the trial court. *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998) (op. on reh'g); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). Under Rule 33.1(a) of the Texas Rules of Appellate Procedure, an issue is not preserved on appeal unless the record shows that it was presented to the trial court "by a timely request, objection, or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Resendez v. State*,

5

306 S.W.3d 308, 312 (Tex. Crim. App. 2009). If the objection at trial does not correspond with the issue on appeal, nothing is preserved for review. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999); *Wright*, 154 S.W.3d at 241.

At trial, Baxley argued that the motion to suppress should be granted because the arrest warrants were invalid at the time of the arrest and, therefore, Estes lacked a valid reason to arrest him in the first place. However, on appeal, Baxley contends that the trial court should have granted his motion to suppress because the trial court erred in believing Estes' testimony. Since Baxley's complaint on appeal does not comport with his objection, argument, or issues raised at trial, he has failed to preserve this issue for our review. Accordingly, we overrule this point of error.

Further, the trial court is the exclusive trier of fact and judge of witness credibility and here, based on Estes' testimony, the trial court found that Estes had a good-faith basis for arresting Baxley. *See Ross*, 32 S.W.3d at 856–57; *Carmouche*, 10 S.W.3d at 327. We must afford almost total deference to the trial court's determination of Estes' credibility, and therefore, we would overrule this issue even if it had been preserved for our review. *See Ross*, 32 S.W.3d at 856–57; *Carmouche*, 10 S.W.3d at 327.

## IV.     The Judgment Should Be Modified to Reflect that Baxley Was Sentenced to Two Years' Confinement

We have the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Our authority to modify incorrect judgments is not dependent on the request of any party and does not turn on the question of whether a party objected in the trial court; we may act sua sponte and may have a duty to do so. *Asberry v. State*, 813 S.W.2d 526, 531 (Tex.

6

App.—Dallas 1991, pet. ref'd); *see French*, 830 S.W.2d at 609.  The Texas Rules of Appellate Procedure also provide direct authority for this Court to modify a trial court's judgment.  TEX. R. APP. P. 43.2.

Here, the judgment does not include Baxley's sentence.  The record makes it clear that the trial court sentenced Baxley to two years' confinement.  Accordingly, we modify the trial court's judgment to reflect that the punishment imposed on Baxley was two years' incarceration.

We affirm the judgment of the trial court, as modified.


Bailey C. Moseley
Justice

Date Submitted:     August 25, 2015
Date Decided:       September 9, 2015

Do Not Publish

7