ACCEPTED
12-15-00087-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/15/2015 9:36:33 AM
Pam Estes
CLERK

## CAUSE NO. 12-15-00087-CV

| | | |
|---|---|---|
| **EXCO OPERATING COMPANY, LP** | § | **IN THE TWELFTH** |
| **Appellant** | § | |
| | § | |
| **VS.** | § | |
| | § | **COURT OF APPEALS** |
| | § | |
| | § | |
| **MARY K. MCGEE,** | § | |
| **Appellee** | § | **TYLER, TEXAS** |

### APPELLEE MARY K. MCGEE'S RESPONSE TO APPELLANT'S MOTION TO SUPPLEMENT BRIEF OF APPELLANT

Appellee, Mary K. McGee, files this her Response to Appellant EXCO Operating Company, LP's Motion to Supplement its Brief, and, in support thereof, would respectfully show the Court as follows:

### I.     ARGUMENT & AUTHORITIES

Texas Rule of Appellate Procedure 38.7 allows a party to supplement a brief when justice requires, "on whatever reasonable terms the court may prescribe." *See* Tex. R. App. Pro. 38.7. Appellant argues that they should be entitled to raise new points of error which were not: (1) raised at the trial court; (2) raised in their original brief; or, even (3), properly raised in their Reply. While Rule 38.7 *may* allow a party to supplement their brief under narrow circumstances, it does *not* revive arguments that have been waived by a party's failure to raise the argument at the trial court, in compliance with Texas Rule of Appellate Procedure Rule 33.1. Appellant's Motion, in addition to its inappropriate use of Rule 38.7, thus fatally misses a required first step.

Texas Rule of Appellate Procedure 33.1 states that:

> (a) As a prerequisite to presenting a complaint for appellate review, the record *must* show that:
>
> (1) the complaint was made to the trial court by a timely request, objection or motion that;

(A) *stated the grounds* for the ruling that the complaining party sought from the trial court *with sufficient specificity to make the trial court aware of the complain*t, unless the specific grounds were apparent from the context;

Tex. R. App. Pro. 33.1.

Thus, questions, points of error or arguments that are not presented to the trial court are waived. *See id.*; *see also Hardeman v. Judge*, 931 S.W.2d 716, 720 (Tex.App.—Fort Worth 1996) *citing Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991). Furthermore, an objection based on one legal theory may not be used to support a different legal theory. *See Rogers v. State*, 291 S.W.3d 148, 151 (Tex.App.—Texarkana 2009). Of course, Appellant admittedly did not raise this new grounds and alternative theory with the trial court and no authority is cited by them that addresses that failure, let alone forgives it and revives an argument that has been waived. Ignoring the lack of authority and the fact that they must meet the requirements of Rule 33.1, Appellant offers one single excuse; that they discovered "new law."

That *concept*, Appellee admits, has some intuitive appeal and, for that reason, Appellee assumes that the characterization was purposefully chosen. The problem is, the "law" is not "new" in any way that justifies Appellant's failure to comply with either Rule 33.1 or 38.7. First, there is no authority cited by Appellant for the proposition that "new law" revives a claim under Rule 33.1 or to supplement a brief under Rule 38.7. Second, the "law" that is at issue here is Texas Civil Practice & Remedies Code § 38.001, which has been the law without any revision since 1985. *See* Tex. Civ. Prac. & Rem. Code § 38.001. The Houston Court of Appeal's interpretation of that statute in *Fleming & Assoc.'s v. Barton* may be the law for the trial courts in the 14th District, but it is not the law here. Thus, Appellant's argument is in essence: (1) we discovered an argument made by another party in another case; (2) we would like to make that argument here; (3) we did not raise that argument at the trial court, because we did not think

about it; (4) however, another party did think about the argument and raised it in their case; (5) we should, therefore, be permitted to make the argument that we did not make and, therefore, did not preserve, because another party did preserve the argument in different case in another jurisdiction. If this argument held water, and a party on appeal could raise new arguments that are waived based on the arguments made by different parties in sister courts, Rule 33.1 would be meaningless. Appellant, as mentioned, however, does not address this fatal deficiency in its motion at all.

Instead, Appellant argues that this "new law" should permit them to supplement their original briefing, to which Appellee has already responded, thus necessitating another round of briefing, under Rule 38.7. The case cited, *Fleming & Assoc.'s v. Barton*, however, was issued in February 2014, or *nineteen months ago*. This case was tried on February 13, 2014. The issue of attorney's fees was briefed <u>after</u> *Fleming* was decided and the trial court did not issue its Findings of Facts and Conclusions of Law, deciding the issue of attorney's fees, until *January 7, 2015*. Thus, the case upon which Appellant claims "justice" requires supplementation, was issued almost *two* years prior Appellant's motion to supplement, a year and half prior to their Reply brief, *over a year* prior to Appellant's original brief and this appeal. With respect to Rule 33.1, Appellant had almost a year to raise this argument before the trial court. Under Rule 38.7, Appellant clearly could have raised this case, and this argument, in its original brief. Appellant's reason for not raising it is that they did not know about it. "Justice" does not require supplementation based on a party's ignorance of a case issued prior to the underlying case being resolved, prior to appeal, and prior to filing original briefs. In fact, "justice" demands the opposite. Appellant's inexcusable ignorance of *Fleming* and their attempt to overcome their failure to comply with Rule 33.1 and Rule 38.1 in raising the issue at trial and in their original

brief, has caused and continues to cause Appellee further expense and undue burden. Absent some extraordinary circumstances, none of which exist here, the trial court and Appellee are entitled to rely on the arguments Appellant made below; not face newly asserted legal theories which create a moving target and a perpetual cycle of briefing and re-briefing.

## II.   PRAYER

For these reasons, Appellee respectfully asks the Court to deny Appellant's motion and for any and all other relief to which she may be entitled.

<div style="margin-left:45%">

Respectfully submitted,
SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM


BY:   ____/s/Justin A. Smith_____
JOHN D. SLOAN, JR.
Texas Bar No. 18505100
E-mail: jsloan@sloanfirm.com
JUSTIN A. SMITH
Texas Bar No. 24058357
E-mail: jsmith@sloanfirm.com
101 East Whaley Street
P.O. Drawer 2909
Longview, Texas 75606
Telephone:    (903) 757-7000
Facsimile:    (903) 757-7574

ATTORNEYS FOR PLAINTIFF

</div>

## CERTIFICATE OF SERVICE

I certify that on September 15, 2015 I served a copy of Appellee Mary K. McGee's Response to Appellant's Motion to Supplement Brief of Appellant on Appellant EXCO Operating Company, LP listed below by electronic service, and the electronic transmission was reported as complete. My e-mail address is jsmith@sloanfirm.com.

<div style="margin-left:45%">

___/s/Justin A. Smith_____
JUSTIN A. SMITH

</div>