NO. 07-05-0459-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 6, 2007

_____


PETER RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408002; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Following a plea of not guilty, Appellant, Peter Rodriguez, was convicted by a jury of possession of a controlled substance with intent to deliver and sentenced to fifteen years confinement and a $10,000 fine. Presenting five issues pertaining to two general categories of alleged error, he contends the trial court erred by (1) overruling his motion to

suppress evidence and (2) denying his request for a jury charge instruction pursuant to article 38.23 of the Code of Criminal Procedure.[1]  Based on the following analysis, we reverse and remand.

## Background Facts

During a search incident to a warrantless arrest, a Lubbock police officer discovered methamphetamine concealed in a pouch in Appellant's pants.  Appellant was arrested for kidnapping his girlfriend, Lorie Frerran.  According to the testimony, Corporal Scott O'Neill of the Lubbock Police Department responded to a call from Lorie's estranged husband, Alberto Frerran, that Lorie had possibly been abducted from a Big Lots parking lot.  When he arrived at the scene, Corporal O'Neill spoke with Alberto and an unidentified witness. Alberto identified Appellant as the suspected abductor and pointed out Appellant's car in the parking lot.  From the vehicle information, Corporal O'Neill was able to confirm that Appellant was the vehicle's registered owner and obtain Appellant's address.  He and several other officers then drove to the address in an attempt to locate Appellant and Lorie.

Corporal O'Neill testified that as they approached the residence, he observed Appellant "struggling" with Lorie in the front yard and holding her arm.  Appellant was immediately handcuffed and placed in the back of a patrol car.  Corporal O'Neill advised Appellant that he was not under arrest but in "protective custody" until he could determine

---

[1]Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005).

2

what was going on. After speaking with the other parties, Corporal O'Neill informed Appellant that he was under arrest for kidnapping and transported him to a holding facility. An inventory search of Appellant's person revealed $184 in small bills, two digital scales, and a brown felt pouch containing several plastic baggies of a substance later determined to be methamphetamine.

Appellant was subsequently charged with possession of methamphetamine with intent to deliver. Prior to trial, citing the Fourth Amendment to the United States Constitution and article 38.23 of the Code, Appellant moved to suppress the evidence obtained during the search claiming that the officer did not have probable cause to arrest him for kidnapping. The trial court, however, stated its belief that the officer "acted in good faith" and denied the motion. Similarly, at the conclusion of the evidence, Appellant requested a charge instruction pursuant to article 38.23 that would have required the jury to disregard any evidence obtained as the result of an unlawful arrest. But the trial court denied the request stating that it was "a legal issue as opposed to a factual issue." Appellant was subsequently convicted and filed this appeal.

**Charge Error**

By his fifth issue, Appellant contends the trial court erred in overruling his objection to the charge of the court and his request for an instruction under article 38.23. When reviewing the record for jury charge error, we must first determine whether error actually exists, and second, whether sufficient harm resulted from the error to require reversal of

3

the conviction. *Hutch v. State*, 922 S.W.2d 166, 170-71 (Tex.Crim.App. 1996) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985)). *See also* Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2006).

## Article 38.23 Instruction

Article 38.23 of the Code of Criminal Procedure provides, in relevant part, as follows:

(a)  No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005).

Appellant urges he was entitled to such an instruction because there was a factual dispute as to the circumstances surrounding the basis for his arrest and, therefore, the subsequent discovery and seizure of the methamphetamine. A jury instruction under article 38.23 is required only when there is a factual dispute concerning the legality of the seizure of evidence. *Garza v. State*, 126 S.W.3d 79, 85 (Tex.Crim.App. 2004); *Pierce v. State,* 32 S.W.3d 247, 251 (Tex.Crim.App. 2000); *Wesbrook v. State*, 29 S.W.3d 103, 121 (Tex.Crim.App. 2000). In this case, the trial court overruled Appellant's objection to the

4

failure of the charge to include an instruction under article 38.23, stating, "The Court is of the opinion that that is a legal issue as opposed to a factual issue. The Court will deny your request." Accordingly, we must first determine whether there was a factual issue requiring an article 38.23 instruction.

For purposes of determining whether an article 38.23 instruction is required, a factual issue exists when there is evidence that controverts those facts relied upon by the officer to establish probable cause for the arrest. *See Garza,* 126 S.W.3d at 85-88. A fact issue concerning whether the evidence was legally obtained may be raised from any source and it does not matter whether the evidence is "strong, weak, contradicted, unimpeached, or unbelievable." *Id.* at 85. If the defendant successfully raises a factual dispute over whether the evidence was legally obtained, inclusion of a properly worded article 38.23 instruction is mandatory. *Jordan v. State,* 562 S.W.2d 472, 473 (Tex.Crim.App. 1978). Where there are no disputed fact issues, the determination of probable cause to arrest is a legal issue and there is no need to charge the jury on that issue. *Bell v. State,* 938 S.W.2d 35 (Tex.Crim.App. 1996).

Considering the testimony in the present case, we agree with Appellant that there was conflicting evidence regarding the circumstances leading to his arrest for kidnapping. Corporal O'Neill did not base his arrest on the struggle or potential assault he had observed because he testified that he would have released Appellant had he determined that the kidnapping allegations were wrong. He testified that he arrested Appellant based on "[t]he

initial information received, the uninvolved witness information, and the victim's information." He did not, however, elaborate regarding the details of this information. His only testimony concerning the basis for Appellant's arrest was that the initial complaint referenced a possible abduction and the fact that he observed Appellant holding Lorie's arm and "struggling" with her in front of the residence.

Meanwhile, Lorie, the alleged victim of the kidnapping, elaborated further on the events leading to Appellant's arrest. She testified that, prior to the incident, she had decided to stop seeing Appellant and return to her husband, Alberto. While shopping at Big Lots, Appellant approached her and began pleading with her not to leave him. At some point during their encounter, Alberto called her on her cell phone and asked if he should "call the cops." She replied, "Yes, whatever it takes." Lorie eventually agreed to follow Appellant back to his house. However, she ultimately drove Appellant to his house in her car because he promised her that he would get her a "20" of methamphetamine.

When they arrived at Appellant's house, Appellant tried to persuade her to come inside. But she refused and told him to "just go in and get what I need, and let me leave." As the two talked in the front yard, the police and Alberto arrived. Lorie testified that when they saw the police, Appellant was not holding her arm and they were not struggling. When the officers approached, Lorie told them, "It's okay. It's okay." She also told Appellant "not to worry" and "everything would be okay." When Appellant was handcuffed and placed in

6

the patrol car, Lorie stated that it was "shocking" and she became upset and confused as to why the officers were arresting him.

Regarding her discussions with the officers, Lorie recalled telling them about the argument at Big Lots but also recalled telling them that she did not believe she had been kidnapped. She testified that when she told the officers everything was okay, Alberto squeezed her arm and whispered "shut the fuck up, bitch."

We conclude Lorie's testimony raised a factual dispute as to Appellant's arrest because that evidence, if believed, negated some of the facts asserted by Corporal O'Neill as the grounds for probable cause to arrest Appellant. Considering the conflicting accounts as to the facts surrounding Appellant's original detention and subsequent arrest, we agree that the evidence at least raised a factual dispute regarding whether Corporal O'Neill had probable cause to arrest Appellant for kidnapping. Consequently, we find that the trial court erred when it refused Appellant's request for an instruction pursuant to article 38.23.

Having determined that the trial court erred, we now consider whether there was sufficient harm to require reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh'g). The standard for determining whether sufficient harm resulted from the charge error to require reversal depends upon whether the appellant made a timely objection to the charge. *Id.* When, as here, the appellant has made a timely objection, charge error will require reversal "only as long as the error is not harmless." *Id.* The degree of harm may be determined in light of the entire jury charge, the state of the

7

evidence, including the contested issues and the weight of the probative evidence, the arguments of counsel, and any other relevant information in the record. *Id.*

In the present case, if instructed pursuant to article 38.23, the jury could have believed Lorie's testimony and determined that Corporal O'Neill was not justified in arresting Appellant for her kidnapping. In that event, they would have been instructed to disregard the drug evidence obtained as a result of the search incident to the arrest. *See* art. 38.23. Because the jury was not provided this option, we conclude the trial court's failure to provide an article 38.23 instruction was harmful and sustain Appellant's fifth issue. Our disposition of this issue pretermits Appellant's remaining issues.

Accordingly, we reverse the trial court's judgment and remand the cause for further proceedings.

> Patrick A. Pirtle
> Justice

Publish.

8