Opinion issued October 13, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01044-CR

———————————

Stephen CHarles Knapp, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law No. 1

Harris County, Texas



Trial Court Case No. 1648399

 



 

MEMORANDUM OPINION

            A jury convicted Stephen Charles Knapp
of the misdemeanor offense of driving while intoxicated, and the trial court sentenced
Knapp to 180 days’ confinement, suspended the sentence, placed Knapp on one
year of community supervision, and assessed a $300 fine.[1]  In one issue, Knapp contends that the trial
court erred in not submitting to the jury an instruction that it not consider
any illegally obtained evidence.[2]      

          We affirm the trial court’s judgment.

Background

          In the early morning hours of December
17, 2009, Harris County Sheriff’s Deputy Sternberg was on patrol when he
noticed the driver of a pickup truck “squeal” his tires and speed out of a
parking lot.  Sternberg pursued the
pickup truck, and, as he approached, he observed the driver make a U-turn,
speed into another parking lot, cross over a side street without stopping, and
return to the parking lot from which the pickup truck first exited.  

Sternberg conducted a traffic stop and identified Knapp as
the driver of the pickup truck.  While
speaking with Knapp, Sternberg detected a strong odor of alcohol on Knapp’s
breath and person.  Sternberg asked Knapp
if he had consumed any alcohol, and Knapp admitted to having split a pitcher of
beer with a friend at a bar.  Knapp’s
admission, combined with the odor of alcohol emanating from him, motivated
Sternberg to contact Deputy Musil, an officer with the DWI-Selected Traffic
Enforcement Program, for field sobriety testing at the scene.

          When Musil arrived at the scene, Knapp
was standing outside of the pickup truck. 
Musil, like Sternberg, smelled the odor of alcohol on Knapp’s breath and
person.  He also observed that Knapp’s eyes
were watery.  Knapp again admitted to having
consumed some beer.  Musil conducted
several field sobriety tests.  After
Knapp exhibited signs of intoxication during his performance of the tests,
Musil transported him to a Harris County Sheriff’s Department substation.  Knapp performed the field sobriety tests a
second time at the substation.  Although he
exhibited fewer signs of intoxication during the second round of testing, a
breath test measured Knapp’s blood alcohol content above Texas’s legal limit of
0.08.    

          The jury heard the testimony of a number
of witnesses at trial, including Sternberg and Musil.  Sternberg testified that he stopped Knapp for
violating traffic laws prohibiting a driver from cutting through a parking lot
to avoid a stop sign or disregard a traffic control device; however, Sternberg did
not write Knapp a citation for that offense. 
Musil was not present at the time Sternberg stopped Knapp, but Knapp’s
counsel cross-examined Musil about whether Sternberg had conveyed his reasons
for the traffic stop to Musil.  Musil did
not remember Sternberg’s specific words, but he recalled that Sternberg “observed
a traffic violation, made a traffic stop, and observed a strong odor of
alcoholic beverage on the driver . . . .” 
Sternberg and Musil discussed the following series of events as establishing
probable cause for the traffic stop:  (1)
Sternberg heard Knapp “squeal” his tires upon leaving a parking lot, (2) Sternberg
witnessed Knapp drive through one parking lot, and (3) Sternberg then observed
Knapp cross a side street and enter a second parking lot.  Both Sternberg and Musil acknowledged that
any one of these three events, when considered alone, was not a traffic
violation.    

          After the close of testimony, Knapp
requested an article 38.23 instruction pertaining to the legality of the
traffic stop.  Knapp’s counsel did not
tender a proposed instruction, but he articulated the following reason for the
request:  

The officers did testify that none of the individual
driving factors that were observed were traffic violations in and of
themselves.  And although the officer did
suspect that my client may have been trying to evade a traffic control device,
he never asked him that question and never issued a citation for that.  Don’t believe that there’s been enough
evidence presented to show that this stop was justified.  So, we’re asking for a 38.23 charge regarding
the stop in this case.

 

The trial
court initially indicated it would allow the instruction, but it later
reconsidered the request upon review of Sternberg’s testimony and the traffic
laws prohibiting drivers from cutting through private drives.[3]  See Tex. Transp. Code Ann. § 545.423 (West
2011).  The trial court ultimately
declined to instruct the jury as to the legality of the traffic stop under article
38.23, and Knapp challenges that ruling on appeal.  

Article 38.23 Instruction

In his sole issue, Knapp contends that the trial court erred
in denying his request for an instruction to the jury that it not consider any
illegally obtained evidence.  Tex. Code Crim. Proc. Ann. art. 38.23(a)
(West 2005).  Knapp argues that he was
entitled to the instruction because Sternberg and Musil gave conflicting
testimony that created a fact issue as to the reasons for and the lawfulness of
the traffic stop that preceded his arrest. 
The State responds that the trial court did not err in refusing the
requested instruction because there was no dispute as to any factual issue and
probable cause existed for the traffic stop. 
We review the trial court’s charge to determine whether error exists and,
if so, whether the error is harmful.  Middleton v. State, 125 S.W.3d 450, 453
(Tex. Crim. App. 2003).  

          A trial court must deliver to the jury
a written charge “distinctly setting forth the law applicable to the
case.”  Tex.
Code Crim. Proc. Ann. art. 36.14 (West 2007).  In any case where the evidence raises a fact
issue as to whether it was obtained in violation of any provisions of the
Constitutions or laws of the United States or the State of Texas, “the jury
shall be instructed that if it believes, or has a reasonable doubt, that the
evidence was obtained in violation of the provisions of [the] Article, then . .
. the jury shall disregard any such evidence so obtained.”  Tex.
Code. Crim. Proc. Ann. art. 38.23(a). 
There must be a genuine dispute about a material issue of fact before an
article 38.23 instruction is warranted.  Madden v. State, 242 S.W.3d 504, 510
(Tex. Crim. App. 2007).  A defendant must
demonstrate that:  (1) the evidence heard
by the jury raises an issue of fact, (2) the evidence on that fact is
affirmatively contested, and (3) the contested factual issue is material to the
lawfulness of the challenged conduct in obtaining the evidence.  Madden,
242 S.W.3d at 510; Mbugua v. State,
312 S.W.3d 657, 669 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).  Evidence that controverts the facts relied
upon to establish probable cause is evidence that creates a material factual
dispute.  See Garza v. State, 126 S.W.3d 79, 85-88 (Tex. Crim. App. 2004).  If
there is no disputed issue of material fact, however, the legality of the challenged
conduct is a question of law for the trial court.  Madden,
242 S.W.3d at 510; Mbugua, 312 S.W.3d
at 669.  

          Knapp argues that he was entitled to
an article 38.23 instruction in this case because the jurors were presented
with “two distinct versions of the facts giving rise to the stop:  Sternberg’s version which, if believed,
constituted a valid legal basis for the traffic stop and Musil’s version of
what Sternberg told him, which if believed, assuredly did not.”  We disagree. 


Sternberg testified that he conducted the traffic stop after
witnessing Knapp “squeal” his tires and speed from one parking lot, across a
side street, and into a second parking lot without stopping.  Based on this observation, Sternberg believed
Knapp had committed a traffic offense.  See Tex.
Transp. Code Ann. § 545.423.  He
called Musil to the scene after smelling alcohol.  Musil testified that, at the scene, Sternberg
stated that he had observed a traffic violation and the strong odor of alcohol.
 As to the facts establishing probable
cause for the traffic stop, Musil recalled that Sternberg heard “squealing”
tires and witnessed Knapp travel from one parking lot, across a side street,
and into a second parking lot.  Sternberg
and Musil thus articulated the same series of events giving rise to the traffic
stop, not “two distinct versions of the facts,” and there is no affirmative
evidence demonstrating that Knapp did not commit the acts testified to by
Sternberg and Musil.  The absence of any affirmative
evidence of a factual dispute makes this case different from the cases on which
Knapp relies.  See, e.g., Mills v. State, 296 S.W.3d 843, 848 (Tex. App.—Austin 2009,
pet. ref’d) (holding that article 38.23 instruction was required because
officer testified defendant’s failure to signal a turn less than 100 feet
before intersection was basis for traffic stop, but defendant presented video
evidence showing officer’s view of defendant’s vehicle was impeded); Rodriguez v. State, 239 S.W.3d 277, 281
(Tex. App.—Amarillo 2007, pet. ref’d) (holding that article 38.23 instruction
was warranted because officer testified he arrested defendant after observing
defendant grab complainant’s arm and struggle with her, whereas complainant
testified that defendant did not grab her arm). 


Because the record does not establish any genuine dispute as
to the facts relied upon by Sternberg in stopping Knapp, the legality of the
traffic stop was a question of law for the trial court and Knapp was not
entitled to an article 38.23 instruction. 
See Wesbrook v. State, 29
S.W.3d 103, 121 (Tex. Crim. App. 2000).  Accordingly,
we overrule Knapp’s sole issue.

Conclusion

          We hold that
the trial court did not err in denying Knapp’s request for an article 38.23 instruction,
and we affirm the judgment of the trial court.

 

 

                                                                             Harvey
Brown

                                                                             Justice

 

Panel consists of
Justices Jennings, Sharp, and Brown.

 

Do not publish.  Tex. R. App. P. 47.2(b).

 











[1]
          See Tex. Penal Code Ann.
§ 49.04 (West 2011).

 





[2]           See
Tex. Code Crim. Proc. Ann.
art. 38.23 (West 2005).





[3]
          Section 545.423 of the
Transportation Code provides:

 

(a)  An
operator may not cross a sidewalk or drive through a driveway, parking lot, or
business or residential entrance without stopping the vehicle.  

 

(b)  An
operator may not cross or drive in or on a sidewalk, driveway, parking lot, or
business or residential entrance at an intersection to turn right or left from
one highway to another highway.

 

Tex.
Transp. Code Ann. § 543.423
(West 2011).