

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00097-CR

---

ODELL WD NEAL, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1800114

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

After a jury found Odell WD Neal guilty of possession of marihuana in an amount of two ounces or less, the trial court sentenced him to seventy-five days' confinement in jail. Neal appeals, maintaining that (1) the trial court erred when it denied his motion to suppress, (2) the evidence was insufficient to support the jury's guilty verdict,[1] and (3) the trial court erred when it denied Neal's requested jury charge made pursuant to Article 38.23 of the Texas Code of Criminal Procedure. Because we find that the trial court did not err when it denied Neal's motion to suppress, there was sufficient evidence to support the jury's guilty verdict, and there was no error in the trial court's denial of Neal's requested jury charge instruction, we affirm the trial court's judgment of conviction.

## I.      Background

On November 3, 2017, Texas Department of Public Safety Trooper Cody Sagnibene was on routine patrol traveling in the northbound lane when he observed a white vehicle with a defective head lamp traveling southbound. Sagnibene turned his patrol car around in order to conduct a traffic stop on the white vehicle. When he approached the driver's side of the vehicle, he immediately smelled the strong odor of marihuana emanating from the passenger's side of the vehicle. Sagnibene instructed the driver, Neal, to exit the vehicle. At that point, Neal admitted that he had recently been smoking marihuana.

---

[1]Neal contends in his brief that the evidence is factually insufficient. Texas courts of appeals no longer review criminal verdicts for factual insufficiency. *See Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) (plurality op.). However, because Neal argues that the evidence is insufficient under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 314 (1979), we interpret his point of error to be a legal sufficiency challenge.

Sagnibene proceeded to conduct a search of the vehicle, which yielded a glass pipe, eye drops, what he believed to be marihuana residue on the floorboard of the vehicle, several lighters, and multiple hollowed-out cigarillos. He also discovered a clear, white, plastic bottle, which contained "a yellow liquid substance and [was] marked with a reader on the bottom that [he] recognized through [his] experience and training to be synthetic or fake urine."[2] According to Sagnibene, synthetic urine can be used to falsify the results of a urine test for the detection of drugs. After placing Neal under arrest for falsification of drug test results, Neal began to deny the substance was synthetic urine. Upon arrival at the jail, however, Neal admitted that he was in possession of marihuana, which he was keeping in his underwear. Neal then retrieved a clear, plastic baggy containing a green, leafy, plant-like substance that Sagnibene believed to be marihuana. It was later determined that the baggy contained .04 ounces of marihuana.

## II.    Discussion

### A.    The Trial Court's Denial of Neal's Motion to Suppress Was Not Error

During the hearing on his motion to suppress, Neal argued that there was a lack of probable cause to arrest him for the offense of falsification of drug test results.[3] He maintained, "[S]pecifically, with regard to that, there should be no evidence that the Defendant possessed that with an intent to use that device to falsify any drug tests. Mere possession of the device alone is not a criminal act." In support of the State's position that Neal's motion to suppress should be

---

[2]Sagnibene also testified that the bottle was covered with a black label containing the numbers 90, 92, 94, 96, 98, and 100. According to Sagnibene, he believed the numbers indicated temperature readings. Sagnibene added, "As most people are aware of, the body's regular temperature is 98.6."

[3]Pursuant to his written motion to suppress, Neal argued that the State's actions violated his constitutional rights because Sagnibene did "not hav[e] reasonable suspicion of a traffic offense to stop and detain [him] in this case."

denied, Sagnibene testified to the events leading up to Neal's arrest. After hearing his testimony, the trial court denied Neal's motion, and a jury trial commenced. On appeal, Neal contends the trial court's denial of his suppression motion was error because the evidence showed that Sagnibene "did not have probable cause to arrest [him] for possession of a drug falsification device, as mere possession of such a device is not a criminal offense, and anything after said unlawful arrest should be suppressed."

"We review the trial court's decision to deny [a] motion to suppress evidence by applying a bifurcated standard of review." *Young v. State*, 420 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.) (citing *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd); *Rogers v. State*, 291 S.W.3d 148, 151 (Tex. App.—Texarkana 2009, pet. ref'd)). "Because the trial court is the exclusive trier of fact and judge of witness credibility at a suppression hearing, we afford almost total deference to its determination of facts supported by the record." *Id.* (citing *State v. Ross*, 32 S.W.3d 853, 856–57 (Tex. Crim. App. 2000); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). "We also afford such deference to a trial court's ruling on application of law to fact questions, also known as mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor." *Id.* (citing *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996)).

We apply a de novo review to the trial court's application of the law and its determination of questions not turning on credibility. *Carmouche*, 10 S.W.3d at 332; *Guzman*, 955 S.W.2d at 89; *Graves v. State*, 307 S.W.3d 483, 489 (Tex. App.—Texarkana 2010, pet. ref'd). "In

4

determining whether a trial court's decision is supported by the record, we generally consider only evidence adduced at the suppression hearing, because the ruling was based on that evidence, rather than evidence introduced later at trial." *Young*, 420 S.W.3d at 141 (citing *Rachal v. State*, 917 S.W.2d 799, 809 (Tex. Crim. App. 1996)).

"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2015). Probable cause to arrest exists where the facts and circumstances within the officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a reasonable person to believe that a particular person has committed or is committing an offense. *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). Here, Sagnibene determined there was probable cause to place Neal under arrest without a warrant for the offense of falsification of drug test results. A person commits the offense of falsification of drug test results when he "knowingly or intentionally uses or possesses with intent to use any substance or device designed to falsify drug test results[,]" or when he "knowingly or intentionally delivers, possesses with intent to deliver, or manufactures with intent to deliver a substance or device designed to falsify drug test results." TEX. HEALTH & SAFETY CODE ANN. § 481.133(b) (West 2017).

During the hearing on Neal's motion to suppress, Sagnibene testified that he smelled marihuana when he first approached Neal's vehicle. Moreover, Neal admitted to Sagnibene that he had, in fact, been smoking marihuana prior to being stopped by Sagnibene. During the search of Neal's vehicle, Sagnibene observed a bottle of what he believed to be synthetic urine. The container Sagnibene discovered held a yellow substance and was marked with an assortment of

5

temperatures, which, according to Sagnibene, indicated to him that Neal intended to use the device and its contents to falsify a drug test. Sagnibene explained,

> Well, through my experience, I've seen this container before. I've seen the hand warmer rubber banded around it. You can go online. You can buy things exactly like this. The temperature label on the side of it, the color, in combination with the totality of everything in the vehicle, the marijuana residue, the pipe in the trunk, and the ground-out cigarillos.

He concluded, "That's what the device is designed for." Sagnibene also stated that he was aware that Neal was on parole and that he "assumed that when [Neal was] on parole that he may have to take a drug test."

The Texas Court of Criminal Appeals has held that, under Article 14.01(b), when a police officer personally observes behavior that is not overtly criminal but, when coupled with the officer's prior knowledge so that the otherwise innocuous conduct reflects that an offense is then occurring, the behavior may amount to probable cause. *Adkins v. State*, 764 S.W.2d 782, 785; *Lunde v. State*, 736 S.W.2d 665, 667 (Tex. Crim. App. 1988). "Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold the denial of a motion to suppress if it was supported by the record and was correct under any theory of law applicable to the case." *Young*, 420 S.W.3d at 141 (citing *Carmouche*, 10 S.W.3d at 328; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999)). When we examine the totality of the evidence, we find that Sagnibene had reasonably trustworthy information sufficient to warrant a reasonable belief that Neal was knowingly or intentionally possessing the container and its contents with the intent to use them for the purpose of falsifying drug test results. *See Amores*, 816 S.W.2d at 413.

We, therefore, conclude that the trial court did not err when it denied Neal's motion to suppress. Neal's first point of error is overruled.

## B. Sufficient Evidence Supported the Jury's Guilty Verdict

Next, Neal contends that the State failed to present sufficient evidence to prove that he was guilty of the offense of possession of marihuana in the amount of two ounces or less. In evaluating legal sufficiency in this case, we must review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found, beyond a reasonable doubt, that Neal was guilty of the offense of possession of marihuana in an amount of less than two ounces. *See Brooks*, 323 S.W.3d at 912 (citing *Jackson*, 443 U.S. at 319; *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring).

We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the fact-finder "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

7

In this case, Neal was charged by information, which set forth, in part, that, "on or about [the] 3rd day of November, 2017, and before the filing of this information, in Hunt County, Texas, ODELL WD NEAL, hereinafter called Defendant, did then and there intentionally or knowingly possess a usable amount of marijuana in the amount of two ounces or less." On appeal, Neal maintains that the State failed to present sufficient evidence that he was in possession of a usable amount of marihuana. "Usable quantity" has been defined as "an amount sufficient to be applied to the use commonly made thereof." *Pelham v. State*, 298 S.W.2d 171 (Tex. Crim. App. 1957). A usable quantity may be proven by circumstantial evidence or inferences drawn from evidence of the amount of marihuana a person possessed. *Lejeune v. State*, 538 S.W.2d 775, 777 (Tex. Crim. App. 1976).

At trial, Sagnibene was asked how he knew the substance in the plastic baggy was marihuana. He responded, "Marijuana has a very distinctive look, smell, color, and texture to it. I've come across marijuana several times, as I'm sure many people here have come across marijuana. It's very common nowadays. This smelled like marijuana. This looked like marijuana. This felt like marijuana." Following Neal's arrest, the marihuana was weighed and it, along with the plastic baggy, weighed 0.04 ounces. That measurement also included the stems and seeds, which, according to Sagnibene, were generally not used for smoking.

In addition, Sagnibene testified that, through his training and experience, he believed the amount of marihuana found in Neal's possession was a usable amount. The State also presented evidence that Neal was in possession of drug paraphernalia, including a glass pipe and hollowed out cigarillos, either of which the jury could have reasonably believed Neal intended to use for the

8

purpose of smoking marihuana.[4]  Moreover, the jurors were allowed to examine a photograph of the marihuana in the baggy, thereby giving them the opportunity to determine for themselves whether they believed it was a usable amount.

We therefore find the State presented sufficient evidence on which a rational jury could find that Neal was in possession of a usable amount of marihuana.  Neal's second point of error is overruled.

**C.     Instructions to the Jury**

Lastly, Neal maintains that the trial court erred when it "sua sponte objected to" the inclusion of an Article 38.23 instruction in its charge to the jury.  Article 38.23(a) of the Texas Code of Criminal Procedure states,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2018).

Here, Neal requested an Article 38.23(a) jury instruction based on the same assertions contained in his motion to suppress evidence, that is, that there was no probable cause to arrest Neal for the offense of  falsification of drug-test results and thus, any evidence resulting from that

---

[4]Sagnibene stated, "And then that's a bag of cigarillos, which is a popular method to smoke marijuana.  They'll ground out the hollow -- they'll hollow out the inside and smoke marijuana out of it."

9

arrest was retrieved in violation of his constitutional rights. After the trial court noted Neal's request, it asked counsel for Neal if he would like to read the instruction into the record. Counsel responded, "I would like the charge to reflect the suppression issue to the jury, and I do not have that. I would request to use the County Attorney's books in order to find that and get it in."[5] The State responded that it had no objection to Neal's requested instruction. The trial court then stated,

> Well, the Court does have an objection. The law is clear under *Gerron versus State* that an arrest that would have been valid for any other reason, other than a single incident he was arrested for, does not get a 38.23 charge. So I am bound by law that I cannot give a 38.23 charge.

*See Gerron v. State*, 119 S.W.3d 371, 376–77 (Tex. App.—Waco 2003, no pet.).

Pursuant to Article 38.23(a), "[n]o evidence obtained by an officer . . . in violation of any provisions of the constitution or laws . . . shall be admitted in evidence against the accused" at trial. TEX. CODE CRIM. PROC. ANN. art. 38.23(a). However, an Article 38.23(a) instruction is "mandatory only when there is a factual dispute regarding the legality of the [complained-of action.]"[6] *Williams v*. State, 356 S.W.3d 508, 525 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005)). To be entitled to a jury instruction

---

[5]Later during the proceedings, counsel for Neal read into the record his proposed instruction, which stated in relevant part as follows:

> Probable cause to arrest exists when an officer has knowledge of such facts as would lead a reasonable person to believe that a particular individual is committing, has committed, or is about to commit a criminal act. The officer must be able to articulate the facts and circumstances forming the basis for probable cause. Now, therefore, before you consider the testimony of Trooper Sagnibene concerning events that took place after the arrest of the Defendant, you must first find beyond a reasonable doubt that the trooper had such probable cause to arrest the Defendant. And if you do not so find beyond a reasonable doubt, you will disregard any such testimony and evidence pertaining to the events occurring after said arrest.

[6]"[A] factual issue exists when there is evidence that controverts those facts relied upon by the officer to establish probable cause for the arrest." *Rodriguez v. State*, 239 S.W.3d 277, 280 (Tex. App.—Amarillo 2007, pet. ref'd) (citing *Garza v. State*, 126 S.W.3d 79, 85–86 (Tex. Crim. App. 2004)).

10

under Article 38.23(a), the following factors must be shown to exist: "(1) The evidence heard by the jury must raise an issue of fact; (2) The evidence on that fact must be affirmatively contested: and (3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence." *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). The Texas Court of Criminal Appeals has explained,

> If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law. And if other facts, not in dispute, are sufficient to support the lawfulness of the challenged conduct, then the disputed fact issue is not submitted to the jury because it is not material to the ultimate admissibility of the evidence. The disputed fact must be an essential one in deciding the lawfulness of the challenged conduct.

*Id*. at 510–11 (citations omitted). In other words, "The jury decides facts; the judge decides the application of the law to those facts." *Id*. at 511.

While Neal may dispute the trial court's legal conclusion as it related to the existence of probable cause to arrest him for falsification of drug test results, he did not offer any controverting evidence to factually dispute the State's version of events leading up to and surrounding his arrest for that offense. As the Texas Court of Criminal Appeals stated in *Madden*, "There must be a genuine dispute about a material fact. If there is no disputed factual issue, the legality of the conduct is determined by the trial judge alone, as a question of law." *Id.* at 510. In this case, no 38.23(a) jury instruction was required because there were no facts in dispute, and the legality of the complained-of conduct was appropriately determined by the trial court.

Moreover, when there is evidence that an officer observed a defendant commit multiple violations but the defendant disputes only one of those violations, the defendant is not entitled to an Article 38.23(a) jury instruction. *See Gerron*, 119 S.W.3d at 376–77 (holding defendant not

11

entitled to Article 38.23(a) jury instruction because the State's evidence raised several alternative reasons supporting the legality of stop and only one of the reasons involved a disputed fact). In this case, there was uncontroverted testimony from Sagnibene that Neal was driving with a defective headlight and was also in possession of drug paraphernalia. Thus, despite Neal's singular complaint regarding the lack of probable cause to arrest him for the offense of falsification of drug test results, Sagnibene had the authority to stop Neal, detain him, and arrest him based entirely on the offense of driving with a defective headlight.[7] *See Spence v. State*, 325 S.W.3d 646, 653–54 (Tex. Crim. App. 2010) (holding defendant not entitled to Article 38.23(a) jury instruction regarding issue of whether he was illegally parked blocking a driveway because the traffic stop was legal based on lack of front license plate on bumper).

For these reasons, Neal was not entitled to the Article 38.23(a) instruction he requested, and the trial court did not err by refusing to submit it to the jury. We overrule his third point of error.

---

[7]An officer may lawfully stop and detain an individual who commits a traffic offense. *State v. Cardenas*, 36 S.W.3d 243, 246 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). Here, Sagnibene not only had the right to stop and detain Neal for driving with a defective headlight, but he also could have arrested him for that offense. *See* TEX. TRANSP. CODE ANN. §§ 543.001, 547.302 (West 2011).

12

## III. Conclusion

We affirm the judgment of the trial court.

Ralph K. Burgess
Justice

Date Submitted:     November 1, 2018
Date Decided:       December 7, 2018

Do Not Publish