

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00090-CR

LARRY THOMAS CHAMBERS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 277th District Court
Williamson County, Texas
Trial Court No. 17-068-K277

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion on Remand by Chief Justice Stevens

MEMORANDUM OPINION ON REMAND

Larry Thomas Chambers, Jr., was convicted by a Williamson County[1] jury of possession of four or more but less than 200 grams of a penalty group 1 controlled substance (methamphetamine).[2] He was assessed a sentence of twenty years' imprisonment. On original submission, this Court affirmed the trial court's judgment. Particularly, we overruled Chambers's argument that the trial court should have granted his request for a jury instruction pursuant to Article 38.23 of the Texas Code of Criminal Procedure.[3] After granting Chambers's petition for discretionary review, the Texas Court of Criminal Appeals reversed our finding on the Article 38.23 issue and remanded the case to us for a harm analysis. *See Chambers v. State*, No. PD-0424-19, 2022 WL 1021279, at *3 (Tex. Crim. App. Apr. 6, 2022).

I.      Background

A Round Rock police officer conducted a traffic stop of Chambers because the officer could not see a properly illuminated license plate on the back bumper of Chambers's truck. Other evidence at trial showed a temporary, paper license tag on the corner of the truck's bumper. The Texas Court of Criminal Appeals found that the record supported Chambers's request for a jury instruction under Article 38.23 of the Texas Code of Criminal Procedure. Article 38.23 provides that, if the jury "believes, or has a reasonable doubt," that the evidence

---

[1]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Supp.).

[3]*See* TEX. CODE CRIM. PROC. ANN. art. 38.23.

2

has been obtained "in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America," the jury must not consider that evidence in deliberating on a defendant's guilt. TEX. CODE CRIM. PROC. ANN. art. 38.23(a).

Having found that Chambers "was entitled to have the jury decide whether evidence was obtained by the officer in violation of any provisions of the Constitution or laws of the State of Texas," "and if so, to have the jury instructed to disregard such evidence," the Texas Court of Criminal Appeals reversed and remanded this matter with instructions for this Court to conduct a harm analysis. *Chambers*, 2022 WL 1021279, at \*3.

## II. Standard of Review

Where, as here, jury charge error has been found,[4] we "then evaluate whether sufficient harm resulted from the error to require reversal." *Wilson v. State*, 391 S.W.3d 131, 138 (Tex. App.—Texarkana 2012, no pet.) (citing *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994)). "[T]he jury is the exclusive judge of the facts, but it is bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13. "A trial court must submit a charge setting forth the 'law applicable to the case.'" *Lee v. State*, 415 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd) (quoting TEX. CODE CRIM. PROC. ANN. art. 36.14). "The purpose of the jury charge is to inform the jury of the applicable law and guide them in its application to the case." *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). "It is not the function of the charge merely to avoid misleading or confusing the jury: it

---

[4]"[T]he terms of [Article 38.23] are mandatory, and the jury must be instructed accordingly" where it is shown that the defendant is entitled to the instruction. *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). Because Chambers was entitled to the instruction and did not receive it, the trial court's charge was erroneous. *See id.*; *Malone v. State*, 163 S.W.3d 785, 802 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Vrba v. State*, 69 S.W.3d 719, 719 (Tex. App.—Waco 2002, no pet.)).

3

is the function of the charge to lead and prevent confusion." *Williams v. State*, 547 S.W.2d 18, 20 (Tex. Crim. App. 1977).

"The level of harm necessary to require reversal due to jury charge error is dependent upon whether the appellant properly objected to the error." *Murrieta v. State*, 578 S.W.3d 552, 555 (Tex. App.—Texarkana 2019, no pet.) (citing *Abdnor*, 871 S.W.2d at 732). Here, Chambers preserved error by asking the trial court for a jury instruction on the Article 38.23 issue. Thus, we must reverse if Chambers "suffered 'some harm' from the omission" of the instruction. *Malone v. State*, 163 S.W.3d 785, 802 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim App. 1984) (op. on reh'g)).

In reviewing for some harm, we consider: "(1) the jury charge as a whole, (2) the arguments of counsel, (3) the entirety of the evidence, and (4) other relevant factors present in the record." *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). Our harm review is case specific and requires consideration of the entire record. *See Rogers v. State*, 550 S.W.3d 190, 192 (Tex. Crim. App. 2018).

### III. Harm Analysis

There was conflicting evidence before the jury about the circumstances leading to Chambers's traffic stop. While the police officer testified that he did not see a license plate on the back bumper of Chambers's truck, there was also photographic evidence of a temporary, albeit expired, license tag on the left side of the bumper. Even so, the jury charge did not include an instruction under Article 38.23(a). Had that instruction been included, it is possible that the jury might have disbelieved the police officer's testimony about the reason he stopped

4

Chambers. Had the jury so concluded, it would not have considered the evidence obtained after the stop.

In closing argument, Chambers's attorney argued as if the charge did include an instruction under Article 38.23.[5] Counsel referenced the charge and told the jury that they were the "exclusive judges of the facts proved." He continued, "[F]or instance, if you had about a car-length distance between someone, you can decide whether or not someone on [sic] a lighted car could see it from that far away and whether or not that was truthful testimony or not." We read this statement as counsel's attempt at arguing that the jury should have disbelieved the police officer's testimony about the reason for the traffic stop. Yet even though Chambers argued for the jury to consider the credibility of the officer, he was unable to point to an instruction in the charge and argue that the jury could disregard the evidence if it found the evidence was obtained in violation of the law.

As to the entirety of the evidence, not only was there conflicting evidence about the circumstances leading to Chambers's traffic stop, but the State's case consisted entirely of the methamphetamine acquired after the traffic stop. Where all the evidence pointing to an accused's guilt comes from a source that should have been submitted to the jury under Article 38.23, the accused is harmed. *See Rodriguez v. State*, 239 S.W.3d 277, 281–82 (Tex. App.—Amarillo 2007, pet. ref'd); *Vrba v. State*, 69 S.W.3d 713, 719 (Tex. App.—Waco 2002, pet. ref'd) (finding that, because "[t]he record contain[ed] no evidence of Vrba's guilt independent of

---

[5]Counsel began his argument, "I had hoped to be talking to you about something else at this stage of the trial, but the judge rules the courtroom, and she tells us what we can talk about and what you can rule on. . . . Her papers get judged by an appellate court."

that obtained as a result of the stop" and the defendant was entitled to an Article 38.23 instruction on the legality of that stop, defendant suffered harm); *Patterson v. State*, 847 S.W.2d 349, 353 (Tex. App.—El Paso 1993, pet. ref'd).

Had the jury, through an Article 38.23(a) instruction, been provided the opportunity to disregard the evidence if they disbelieved the police officer, the jury could have excluded the methamphetamine acquired after the traffic stop if they had a reasonable belief that the evidence was obtained in violation of the law. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a). Moreover, without considering this highly incriminating evidence, the jury might have chosen to believe Chambers's "not guilty" plea, especially considering that the State's case relied entirely on the methamphetamine acquired after the traffic stop. As a result, under these circumstances, we find that a majority of the harm factors weigh in favor of a finding that Chambers suffered some harm in the absence of the requested Article 38.23(a) instruction.

## IV. Conclusion

Because we have concluded that Chambers suffered some harm from the error, we reverse the trial court's judgment and remand the cause for a new trial.

Scott E. Stevens
Chief Justice

Date Submitted:     December 28, 2022
Date Decided:       March 1, 2023

Do Not Publish